## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; COTTONWOOD ENVIRONMENTAL LAW CENTER; and WILDEARTH GUARDIANS,<br><br>        Plaintiffs,<br><br>v.<br><br>S.M.R. JEWELL, in her official capacity as Secretary of the Interior; NATIONAL PARK SERVICE,<br><br>        Defendants. | **ORDER DENYING PROPOSED INTERVENORS-DEFENDANTS' MOTION TO INTERVENE**<br><br><br>Case No. 2:14-cv-00731-JNP-BCW<br><br>District Judge Jill N. Parrish |

This matter comes before the court on the Motion of the State of Utah, Garfield County, and Wayne County (collectively the "Proposed Intervenors") to Intervene. After considering the briefs filed by the parties and relevant case law, the court issues this Order DENYING the Motion to Intervene.

## BACKGROUND

This case was filed by Plaintiffs in the U.S. District Court for the District of Columbia on April 29, 2014. The case was then transferred to this court on October 6, 2014. On August 26, 2015, Plaintiffs filed their Motion for Summary Judgment. From September 8, 2015 until November 9, 2015, the case was stayed while the parties discussed a possible settlement. After settlement negotiations proved unsuccessful, Defendants filed their Response to Plaintiff's Motion for Summary Judgment on November 13, 2015. Plaintiffs filed their Reply on December 10, 2015. The Summary Judgment motion was set for hearing on January 28, 2016, but the

hearing was vacated when plaintiffs' lead counsel was seriously injured in a ski accident. The hearing was rescheduled for April 6, but the case was again stayed on April 1, 2016 so the parties could continue settlement discussions. Nearly four months later, on August 2, 2016, the Proposed Intervenors filed their Motion to Intervene. On August 22, 2016, the parties met with Magistrate Judge Wells to continue settlement discussions but were unable to reach a settlement. The motion for summary judgment is now fully briefed and ready for decision.

## ANALYSIS

Fed. R. Civ. P. 24 allows intervention as of right or permissive intervention. The Proposed Intervenors ask the court to allow them to intervene as a matter of right, or alternatively, to allow permissive intervention.

### I.      Intervention as of Right

Rule 24(a)(2) provides that on timely motion, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit has held that qualification for intervention as of right depends on four factors: "(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (*quoting Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005)).

The timeliness factor is analyzed "in light of all the circumstances, including [i.] the length of time since the [movant] knew of his interest in the case, [ii.] prejudice to the existing parties, [iii.] prejudice to the [movant], and [iv.] the existence of any unusual circumstances." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (*citing Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

A.  Length of Time Proposed Intervenors Knew of Their Interest in the Case

"When the [movant] appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention." *Tyson Foods*, 619 F.3d at 1232 (*citing* 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1916, at 539–40 (3d ed. 2007)). Delay in intervening is measured "from when the movant was on notice that its interests may not be protected by a party already in the case." *Id.*

The Proposed Intervenors argue that their motion is timely because they "only recently learned that the parties are engaged in settlement negotiations." They further claim that until they found out that the case had been referred by the court to Magistrate Judge Wells to discuss settlement on June 28, 2016, they were not aware that their interests might not be represented by one of the parties.

It is uncontested that the Proposed Intervenors knew of this case, and of their alleged interest in it, from the time it was filed in the U.S. District Court for the District of Columbia in mid-2014. After the case was transferred to this court, the case was stayed for two months so the parties could engage in settlement discussions. The Plaintiffs' Motion for Summary Judgment was then fully briefed and set for hearing, only to be continued and the case again stayed on

April 1, 2016 so the parties could resume settlement negotiations. Those discussions culminated in the scheduling of a Settlement Conference for August 11, 2016—the scheduling of which prompted the Proposed Intervenors to finally take action. Up to that point, it would seem that the Proposed Intervenors were relying on the Defendants to protect their interests. Yet in their motion, the Proposed Intervenors state that "[t]he [] Defendants' interests are clearly not the same as the [Proposed] Intervenors' interests" and therefore "cannot adequately represent the [Proposed] Intervenors' interests in this litigation." Nowhere in their moving papers do the Proposed Intervenors identify what caused them to suddenly conclude some 27 months after the case was first filed that the Defendants may no longer protect their interests. Proposed Intervenors discuss "sue and settle" tactics as the primary reason why the Defendants cannot adequately protect their interests in this case. But any concerns about "sue and settle" tactics would have existed prior to the scheduling of the Settlement Conference. Indeed, those concerns should have been raised when the suit was first filed, or at the very latest, when the case was stayed for the first time in 2015 so the parties could discuss settlement. As Proposed Intervenors correctly point out, "[S]ettlement is always a possibility in any case at any time."

The court finds that the Proposed Intervenors were on notice of the suit and should have been aware of the concerns giving rise to this motion to intervene as early as April 2014. But they delayed for over two years in bringing their Motion to Intervene until it appeared that the parties were on the cusp of settling. At this point, the motion for summary judgment is ripe for decision and intervention at this point would further delay resolution of a motion that has been fully briefed for over nine months. "[H]owever, we recognize that delay in itself does not make a request for intervention untimely. 'The requirement of timeliness is not a tool of retribution to

punish the tardy would-be-intervenor . . . .' The other factors in the test for untimeliness must also be considered." *Id.* (*quoting Utah Ass'n of Counties*, 255 F.3d at 1250).

B.  Prejudice to Existing Parties

"The most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Id.* (*quoting* 7C Wright et al., *supra* § 1916, at 541–48 in support of the need to discuss more than the existence of delay in filing a motion to intervene). The court finds that the Proposed Intervenors' delay in moving for intervention would prejudice the existing parties. This case was filed two-and-a-half years ago and is now ready for a summary judgment hearing and ruling. Further delay in the resolution of this matter would undoubtedly prejudice the parties, especially considering the fast-approaching grazing season. The court recognizes that "delay in and of itself does not mean that intervention should be denied, and a court should decide in its discretion whether intervention will 'unduly delay' the adjudication." *U.S. v. N. Colo. Water Conservancy Dist.*, 251 F.R.D. 590, 599 (D. Colo. 2008) (internal quotations and citation omitted). Coupled with the nature of the Proposed Intervenors' delay in filing their motion as discussed *infra*, the court concludes that further delaying the proceedings in this case would be undue and this factor weighs against the timeliness of the Motion to Intervene.

C.  Prejudice to the Movant

The third factor—prejudice to the movant from denying intervention—weighs in favor of untimeliness. The Proposed Intervenors claim a broad 'significantly protectable interest" in "seeing [state] laws applied with respect to grazing on federal public lands," and in grazing on "public lands," based on economic benefits. The court acknowledges the importance of the cattle

industry in Utah, but whatever prejudice the denial of their Motion to Intervene may bring was brought upon the Proposed Intervenors' by their own inaction for the first two-plus years of this case. The Proposed Intervenors took no action until they became nervous that a settlement between the parties may not go the way they had hoped. Had Proposed Intervenors wanted to protect their interest in this case, they should have intervened at an earlier time. The court finds that whatever prejudice the Proposed Intervenors endure is the result of their own inaction and this factor weighs in favor of a finding of untimeliness.

    D.  Unusual Circumstances

Neither the Proposed Intervenors nor the parties have argued that any unusual circumstances exist in this case that would weigh for or against finding that the Motion to Intervene was timely filed. The court likewise sees no unusual circumstances. Accordingly, this factor is neutral.

Because the factors, in totality, weigh in favor of finding the Proposed Intervenors unduly delayed filing their Motion, the court concludes that the Motion to Intervene as of right was untimely and therefore denies the motion.

**II.    Permissive Intervention**

Fed. R. Civ. P. 24(b)(1)(B) provides that "[o]n timely motion, the court may permit to intervene anyone who has a claim or defense that shares with the main action a common question of law or fact." Whether to allow permissive intervention "lies within the discretion of the district court." *Kane Cnty., Utah v. United States*, 597 F.3d 1129, 1135 (10th Cir. 2010) (internal citation omitted). As fully discussed above, the court finds that the Motion to Intervene was

untimely. Accordingly, the court also denies the Motion to alternatively grant permissive

intervention.

## CONCLUSION

Because the Proposed Intervenors did not timely file their Motion to Intervene, the

Motion is DENIED.

DATED this 12th day of October, 2016.


BY THE COURT:

Jill N. Parrish
United States District Judge