IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; COTTONWOOD ENVIRONMENTAL LAW CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN ZINKE[1], in his official capacity as Secretary of the Interior; NATIONAL PARK SERVICE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND INJUNCTION PENDING APPEAL**<br><br>Case No. 2:14-cv-00731-JNP-BCW<br><br>District Judge Jill N. Parrish |

On November 23, 2016, the court issued a Memorandum Decision and Order affirming the National Park Service's decision to categorically exclude the three-year Special Use Permit authorizing cattle grazing on the Hartnet Allotment in Capitol Reef National Park ("Capitol Reef") from further NEPA analysis. [Docket No. 116]. Plaintiff Cottonwood Environmental Law Center ("Cottonwood") has appealed the court's decision to the Tenth Circuit Court of Appeals. [Docket No. 118]. On March 15, 2017, Cottonwood filed a Motion for Stay and Injunction Pending Appeal (the "Motion"). [Docket No. 125]. Cottonwood specifically seeks a stay and injunction pending appeal requiring Defendants to remove cattle from the Hartnet Allotment by April 15, 2017.[2] Because of the time-sensitive nature of Cottonwood's Motion, the court ordered Defendants to file their response on March 22, 2017, and Cottonwood to file its reply by March

---

[1] S.M.R. Jewell no longer serves as Secretary of the Interior. Ryan Zinke is automatically substituted pursuant to Fed. R. Civ. P. 25(d).
[2] In its Reply Brief in Support of its Motion, Cottonwood modifies its request to require Defendants to remove the cattle by April 15, 2017. Instead, it asks for an order requiring Defendants to use their best efforts to remove the cattle by April 15, 2017.

29. After reviewing the parties' memoranda and the applicable law, the court DENIES Cottonwood's Motion.[3]

Cottonwood brings its Motion seeking a stay and injunction under Fed. R. Civ. P. 62 and Fed. R. App. P. 8. But the Federal Rules of Appellate Procedure do not govern procedure in this court. Fed. R. App. P. 1(a) ("These rules govern procedure in the United States courts of appeals. When these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court.").[4]

Fed. R. Civ. P. 62 provides: "While an appeal is pending from an interlocutory order or final judgment *that grants, dissolves, or denies an injunction*, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." (emphasis added). In its Memorandum in Support of its Motion, Cottonwood conceded that it has never sought injunctive relief in this case. [Docket No. 125 at 1 n.1]. But in its Reply Brief, Cottonwood retracted that concession and claimed to have previously requested injunctive relief, referencing its December 10, 2015 Reply Brief in support of its motion for summary judgment. [Docket No. 130 at 4 n.1]. In a footnote in Cottonwood's December 10, 2015 Reply Brief, Cottonwood requested that "[i]f this [c]ourt decides against vacating the permit, Plaintiffs respectfully request permanent injunctive relief." [Docket No. 72 at 9 n.5].

Cottonwood's one-line request for injunctive relief contained in a reply memorandum was procedurally improper. DUCivR 7-1(b) states that "[n]o motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document." Further,

---

[3] The court rules on the basis of the written memoranda of the parties pursuant to DUCivR 7-1(f).
[4] The Rules of Appellate Procedure instruct parties seeking a stay or injunction pending appeal that they "must ordinarily move first in the district court." Fed. R. App. P. 8. But a motion for a stay or injunction pending appeal "may be made to the court of appeals or to one of its judges" by "show[ing] that moving first in the district court would be impracticable." *Id.* 8(a)(2)(A).

Cottonwood made no effort in its footnoted request to establish the elements required to show it was entitled to injunctive relief. *Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir.1989) ("Plaintiffs have the burden of clearly establishing the need for injunctive relief. The traditional elements of injunctive relief are as follows: (1) whether plaintiff has a substantial likelihood of success on the merits; (2) whether, in the absence of injunctive relief, plaintiff faces the threat of irreparable injury; (3) whether plaintiff's potential injury outweighs any damage to defendants; and (4) whether the injunction will be adverse to the public interest."). Thus, Cottonwood never properly moved the court for injunctive relief and there was never an "interlocutory order or final judgment that grant[ed], dissolve[d], or denie[d] an injunction" as required under Fed. R. Civ. P. 62.

In Cottonwood's Memorandum in Support of its Motion, it concedes that "[t]his [c]ourt has previously denied an environmental [p]laintiff's motion for an injunction pending appeal when it did not previously seek injunctive relief." [*Id.*]. *See S. Utah Wilderness All. v. Bankert*, No. 2:07-CV-292-TC, 2007 WL 3053289, at *1 (D. Utah Oct. 18, 2007) (unpublished). Cottonwood offers no argument why the result in this case should differ from that in *Bankert* and the court sees no why it should. As discussed above, Cottonwood did not previously seek injunctive relief and the court's November 23, 2016 Memorandum Decision and Order did not address a request for an injunction. The Motion, therefore, is procedurally improper and must be denied.

Even if the Motion were procedurally proper, it fails to meet the requirements for an injunction pending appeal. For the court to consider a request for a stay or an injunction pending appeal, the movant must "demonstrate[] a clear and unequivocal right to relief" by addressing "(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or

3

injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest." *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (citations omitted). Cottonwood argues that it has a likelihood of success on appeal, but only repeats arguments that this court has already considered and rejected in its November 23, 2016 Memorandum Decision and Order. Cottonwood claims that it is likely to succeed on the merits of its appeal if it can show that cattle grazing will have any impact that may affect certain endangered plant species. But the court has already determined that Cottonwood failed to make that showing and that the record did not support such a finding. Therefore Cottonwood has not demonstrated that it has a likelihood of success on appeal.

Cottonwood also fails to demonstrate the threat of irreparable harm. Cottonwood asserts that cattle grazing in Capitol Reef causes irreparable harm to its members' aesthetic, recreational, and conversation interests. Cottonwood also argues that cattle grazing poses irreparable injury to the environment within Capitol Reef. But these claims of irreparable harm are undermined by Cottonwood's delay in seeking injunctive relief. As noted, Cottonwood never properly requested injunctive relief at any point in this case until it filed the Motion. And Cottonwood further delayed filing its Motion until almost four months after the court's November 23, 2016 Memorandum Decision and Order,[5] and over three months after filing its notice of appeal. "[D]elay in seeking [injunctive] relief cuts against finding irreparable injury." *Kan. Health Care Ass'n v. Kan. Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1543–44 (10th Cir. 1994) (quotation and citation omitted). Furthermore, Cottonwood has failed to demonstrate that it will be irreparably harmed during the 45-day period between April 15 and the expiration of the Special

---

[5] At the time of the November 23, 2016 Memorandum Decision and Order, the three-year Special Use Permit at issue in this case had already entered its third and final year and is set to expire on June 1, 2017.

Use Permit on June 1, 2017. In short, Cottonwood has failed to demonstrate the threat of irreparable harm.

In accordance with the foregoing, the court HEREBY ORDERS that Cottonwood's Motion for Stay and Injunction Pending Appeal is **DENIED**.

Signed March 31, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge